UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| WEYLIN TRENT STRODE ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 2:14-0111 |
| ] | Judge Sharp |
| EDDIE FARRIS, SHERIFF ] | |
|     Defendant. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Putnam County Justice Center in Cookeville, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Eddie Farris, Sheriff of Putnam County, seeking injunctive relief and damages.

The plaintiff challenges conditions of his confinement. More specifically, he claims that the defendant has a policy allowing the sale of "electronic cigarettes" to inmates, thus increasing the threat of harm to his health arising from second hand smoke.

To state a claim under 42 U.S.C. § 1983, the plaintiff must plead and prove that the defendant, while acting under color of state law, deprived him of some right or privilege guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A cause of action arises under the Eighth Amendment when jailers, acting with deliberate indifference, expose an inmate to

levels of secondary tobacco smoke that pose an unreasonable risk of serious damage to his future health. <u>Helling v. McKinney</u>, 509 U.S. 25 (1993).

Here, the plaintiff has been exposed to secondary smoke from electronic cigarettes for approximately five weeks. He does not claim to have developed any type of adverse health condition as a result of this exposure. Nor has he alleged that other inmates have developed health problems arising from this exposure.

The plaintiff claims that he has a right to a "tobacco free environment". This is not so. The plaintiff does have a right, however, to be confined in an environment that does not pose an unreasonable risk of serious damage to his future health. The plaintiff has alleged no such showing in this instance. Thus, the sale of electronic cigarettes to inmates at the Putnam County Justice Center does not, in and of itself, offend the Constitution.

In the absence of a violation of federal law, the plaintiff is unable to prove every element of his cause of action. Therefore, he has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Kevin H. Sharp
Chief United States District Judge